IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANO LAUTIEJ,

       Plaintiff,                       CIV. NO. S-09-3315 FCD GGH PS

   vs.

WAL-MART #2308,

                                ORDER

       Defendant.

_____/

       Plaintiff is proceeding in this action pro se and has paid the filing fee. Presently before the court is defendant's[1] motion to dismiss, filed February 1, 2010. Having reviewed the parties' papers, the court now issues the following order.

BACKGROUND

       Plaintiff, a former Wal-Mart employee in Hawaii, filed this action against his former employer on November 30, 2009, claiming wrongful termination. Although the complaint itself states no facts other than that the wrongful termination caused plaintiff suffering because he became uninsured as a result and underwent surgery, the attachments to the complaint

---

[1] The matter was initially noticed for hearing on June 18, 2009; however, it was taken under submission without oral argument by order of March 2, 2010.

1

elucidate the circumstances.  It appears that plaintiff was employed by Wal-Mart in Hawaii from 2000 to 2008.  He claims he requested a transfer to California in 2008 and during those negotiations he claims he was terminated, while Wal-Mart claims he did not complete the process required for the job transfer.  (Compl., Ex. 1A.)   The complaint seeks $5,000,000 for the wrongful termination and $10,000,000 for his suffering.

SUBJECT MATTER JURISDICTION

Defendant moves to dismiss this action for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The complaint as pled, does not contain a basis for federal subject matter jurisdiction.

A district court has an independent duty to examine its own jurisdiction, which is ordinarily determined from the face of the complaint.  Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998), and Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990).

Defendant appears to have stipulated to the facts underlying diversity jurisdiction. (Def.'s Mot. at 2.)  Defective pleading can be cured where diversity is defectively pled.  28 U.S.C. § 1653; Snell v. Cleveland, 316 F.3d 822, 824, 828 (9th Cir. 2002) ("complaint inadequately alleged facts necessary to establish diversity jurisdiction" but actual diversity existed so amendment was permitted).  Therefore, when plaintiff amends the complaint, he shall allege diversity jurisdiction.

MOTION TO DISMISS

    I. Legal Standards

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The

pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

3

Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

## II. Analysis

Turning to the merits of defendant's motion, it is apparent that the allegations are not properly pled and do not state a claim.

The full extent of plaintiff's allegations in the complaint are as follows:

> 1. Wrongful Termination
> 2. I suffered by two times surgeries in less than 48 hours due to the discontinu[]ing of taking my medication. I[n]sulin (diabetic). My medical insurance siezed/stop [sic] because of wrongful termination by my former employer Wal-Mart #2308.

(Compl. at 1.)

Plaintiff seeks damages for "suffering due to surgery caused by my medical insurance stop [sic] because of wrongful termination by my former employer Wal-Mart #2308." (Id.)

Plaintiff has attached prior administrative hearing decisions by Hawaii's Department of Labor and Industrial Relations which explain the facts. Although these exhibits may be considered part of the complaint,[2] plaintiff has not set forth a claim for relief in his complaint.

The allegations in plaintiff's "complaint" are so vague and conclusory that they fail to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which

---

[2] Pleadings include the complaint, the answer, and any written instruments attached as exhibits. Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes."); see Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987) (documents attached to complaint are part of the complaint and may be considered when evaluating the complaint).

4

defendants engaged in that support plaintiff's claim.  Id.   The complaint's allegations are not sufficient to put defendant fairly on notice of its alleged misconduct.  See Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

   Fed. R. Civ. P. 8 sets forth general rules of pleading in the Federal Courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).   The complaint does not meet these requirements.

   In addition to the failure to set forth the grounds for the court's jurisdiction as explained above, the complaint contains one legal conclusion, "wrongful termination," and a short separately enumerated paragraph alleging that plaintiff suffered as a result of the wrongful termination.  The complaint is vague and conclusory in failing to clarify whether the second enumerated paragraph is a separate cause of action or just an attempt to explain the wrongful termination claim.  Furthermore, plaintiff has not set forth any facts other than that he underwent two surgeries.  On amendment, he must present a recitation of the facts surrounding his wrongful termination and any other claims he might make.  Plaintiff's opposition sets forth the type of facts which should be included in his amended complaint.  It does not, however, set forth a legal theory.

   The complaint does not allege the legal elements to support his claims.  In the complaint, plaintiff merely cites an incident and concludes that it was a violation of his constitutional rights.  In none of his alleged claims does the plaintiff offer specific evidence or a cognizable theory regarding why the action was a violation.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The

court will, however, grant leave to file an amended complaint.

If plaintiff's claim is wrongful termination, and diversity is alleged, he must apply state law by setting forth the elements of a claim. For example, under California law, wrongful termination in violation of public policy requires a showing that the employer violated a public policy affecting "society at large rather than a purely personal or proprietary interest of the plaintiff or employer." Holmes v. General Dynamics Corp., 17 Cal.App.4th 1418, 1426, 22 Cal. Rptr. 2d 172, *citing* Gantt v. Sentry Insurance, 1 Cal. 4th 1083, 1090, 5 Cal. Rptr. 2d 874 (1992), *overruled on other grounds by* Green v. Ralee Engineering Co., 19 Cal.4th 66, 80 n. 6, 78 Cal.Rptr.2d 16, 224 n. 6 (1998). California courts have recognized wrongful discharge actions implicating fundamental policy concerns such as health, safety, or crime prevention. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 659 (9th Cir. 1992).

If plaintiff chooses to amend the complaint, he is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendant's motion to dismiss, filed February 1, 2010, (dkt. #8), is granted.

2. Plaintiff shall file an amended complaint as set forth above, within twenty-eight (28) days of this order.

DATED: May 12, 2010                         /s/ Gregory G. Hollows

                                            UNITED STATES MAGISTRATE JUDGE

GGH:076
Lautiej3315.mtd.wpd