IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANO LAUTIEJ,

    Plaintiff,                   CIV. NO. S-09-3315 FCD GGH PS

    vs.

WAL-MART #2308,

                                  FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Plaintiff is proceeding in this action pro se and has paid the filing fee. Presently pending before the court is defendant's[1] second motion to dismiss, filed June 25, 2010. Having reviewed the parties' papers, the court now issues the following findings and recommendations.

BACKGROUND

        Plaintiff's complaint was previously dismissed after the first motion to dismiss and order of May 12, 2010, providing instructions for filing an amended complaint. Presently before the court is the amended complaint, filed June 17, 2010.

        Plaintiff, a former Wal-Mart employee in Hawaii, filed this action against his former employer on November 30, 2009, claiming wrongful termination by defendant Wal-Mart. The amended complaint alleges that plaintiff applied for and received a transfer from the Kauai

---

[1] The matter was initially noticed for hearing on July 29, 2010; however, it was taken under submission without oral argument by order of July 26, 2010.

1

1 store where he worked as an overnight stocker to a Sacramento Wal-Mart store, but in the
2 process Wal-Mart delayed in meeting with him so that his leave of absence expired.  (Compl.¶¶
3 5-8.)  Plaintiff claims he immediately faxed and mailed a total of four letters to the Hawaii store,
4 but they did not respond.  (Id. at ¶¶ 8-10.)  Plaintiff alleged that he eventually received a call
5 from the Kauai store co-manager who informed him that his transfer to a California store was
6 approved, but not to a particular store in California, despite plaintiff having already received his
7 acceptance from the Sacramento store.  (Id. at ¶ 13.)  According to the amended complaint, Wal-
8 Mart later explained that plaintiff was terminated on August 22, 2008, because he did not return
9 to work after his leave of absence expired on June 30, 2008.  (Id. at ¶ 11.)  After plaintiff and his
10 family moved to Sacramento, the Sacramento Wal-Mart informed him that he did not complete
11 the process required for the job transfer.  He states he could not complete the process because
12 defendant kept telling him that he was not its employee.  (Id. at ¶ 15.)  Plaintiff claims that as a
13 result of the wrongful termination, he lost his medical insurance, was therefore unable to take his
14 daily insulin for diabetes, and was forced to go to the hospital emergency room for diabetic
15 ketoacidosis.  The amended complaint seeks compensatory and punitive damages.

16     Defendant makes a second motion to dismiss for failure to state a claim.

17 SUBJECT MATTER JURISDICTION

18     Defendant moves to dismiss this action for failure to state a claim under Fed. R.
19 Civ. P. 12(b)(6).  The complaint as pled, does not contain a basis for federal subject matter
20 jurisdiction.

21     A district court has an independent duty to examine its own jurisdiction, which is
22 ordinarily determined from the face of the complaint.  Sparta Surgical Corp. v. National Ass'n. of
23 Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg
24 Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998), and Ultramar
25 America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990).

26     Defendant appears to have stipulated to the facts underlying diversity jurisdiction.

1  Defective pleading can be cured where diversity is defectively pled.  28 U.S.C. § 1653; Snell v.
2  Cleveland, 316 F.3d 822, 824, 828 (9th Cir. 2002) ("complaint inadequately alleged facts
3  necessary to establish diversity jurisdiction" but actual diversity existed so amendment was
4  permitted).  The previous order directed plaintiff to allege diversity jurisdiction in his amended
5  complaint.  The amended complaint alleges only that the district court has jurisdiction because
6  "damages are in excess of the jurisdictional minimum amount controversy for such, wrongful
7  termination." (Am. Compl. at 1.)   This allegation is considered insufficient as it does not allege
8  that damages exceed $75,000 and does not allege the citizenship of each party.  See W.W.
9  Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:541-547.
10 Nevertheless, as defendant stipulates to the facts underlying diversity jurisdiction, and because
11 the complaint must be dismissed for failure to state a claim in any event, the undersigned will not
12 belabor the pleading issue.

MOTION TO DISMISS

    I. Legal Standards

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of

1  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.
2  Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the
3  motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421,
4  89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume
5  that general allegations embrace those specific facts that are necessary to support the claim.'"
6  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803
7  (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).
8  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
9  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

10  The court may consider facts established by exhibits attached to the complaint.
11  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also
12  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d
13  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other
14  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.
15  1986). The court need not accept legal conclusions "cast in the form of factual allegations."
16  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

17  A pro se litigant is entitled to notice of the deficiencies in the complaint and an
18  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See
19  Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

20  II. Analysis

21  A. Choice of Law

22  "A federal court sitting in diversity looks to the law of the forum state, both as to
23  choice-of-law rules and for substantive law." Openshaw v. FedEx Ground Package System, Inc.,
24  ___ F.Supp.2d ___, 2010 WL 3257479 (C.D. Cal. 2010), citing Kam-Ko Bio-Farm Trading Co.
25  Ltd-Australasia v. Mayne Pharma (USA) Inc., 560 F.3d 935, 940 (9th Cir.2009); Fields v. Legacy
26  Health Sys., 413 F.3d 943, 950 (9th Cir. 2005). In this case, California law controls the choice of

law analysis.

> Under the first step of California's approach to choice-of-law analysis, 'the foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California.' Washington Mutual Bank, FA v. Superior Court, 24 Cal.4th 906, 103 Cal.Rptr.2d 320, 15 P.3d 1071, 1080 (Cal.2001). If the applicable rules of law do not "materially diffe[r]," the analysis ends-"there is no problem and the trial court may find California law applicable to [the claim]." Id.

Hill v. Booz Allen Hamilton, Inc., 2009 WL 1620403 (D. Guam 2009) (footnote omitted).

Under California law, wrongful termination in violation of public policy requires a showing that the employer violated a public policy affecting "society at large rather than a purely personal or proprietary interest of the plaintiff or employer." Holmes v. General Dynamics Corp., 17 Cal.App.4th 1418, 1426, 22 Cal. Rptr. 2d 172, *citing* Gantt v. Sentry Insurance, 1 Cal. 4th 1083, 1090, 5 Cal. Rptr. 2d 874 (1992), *overruled on other grounds by* Green v. Ralee Engineering Co., 19 Cal.4th 66, 80 n. 6, 78 Cal.Rptr.2d 16, 224 n. 6 (1998). Claims of termination in violation of public policy are "limited to those claims finding support in an important public policy based on a statutory or constitutional provision." Id. at 79. California courts have recognized wrongful discharge actions implicating fundamental policy concerns such as health, safety, or crime prevention. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 659 (9th Cir. 1992). "Wrongful termination cases typically arise when an employer retaliates against an employee for refusing to violate a statute, performing a statutory obligation, exercising a statutory right, or reporting an alleged violation of a statute of public importance." Gould v. Maryland Sound Industries, Inc., 31 Cal.App.4th 1137, 1147, 37 Cal. Rptr.2d 718, (1995) (citation omitted). The tort of wrongful discharge is not limited to these situations. Id.

The law in Hawaii on wrongful termination claims is that they are only narrowly permitted where necessary to effectuate the public policy at stake, such as where a statutory or other policy does not itself provide for a remedy to enforce the policy. Shahata v. W Steak Waikiki, LLC, ___ F.Supp.2d ___, 2010 WL 2594593, *15 (D. Haw. 2010), *citing* Griffin v. Jtsi,

Inc., 654 F.Supp.2d 1122, 1139-40 (D. Haw. 2008).

> In determining whether a clear mandate of public policy is violated, courts should inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme. Prior judicial decisions may also establish the relevant public policy. However, courts should proceed cautiously if called upon to declare public policy absent some prior legislative or judicial expression on the subject.

Parnar v. Americana Hotels, Inc., 65 Haw. 370, 380, 652 P.2d 625, 631 (1982).  For example, where an employee gives truthful information about an employer's possible violation of law, his discharge as a result of that action is in violation of public policy.  Id. at 377, 630.  The plaintiff must identify what public policy was allegedly violated.  Abbey v. Hawaii Employers Mut. Ins. Co., 2010 WL 1541868, *6 (D. Haw. 2010).

As the laws of both California and Hawaii permit wrongful termination claims on the basis of public policy, and both define that public policy similarly, California law will apply as it is not materially different.  Hill v. Booz Allen Hamilton, Inc., 2009 WL 1620403, * 10.  Moreover, neither party proposes the application of foreign law.

B.  Failure to State a Claim

Turning to the merits of defendant's motion, it is apparent that the allegations are not properly pled and do not state a claim.

The allegations in the complaint are limited to a description of facts, laced with the term "wrongful termination," along with a prayer for relief.  No causes of action are pled.

Plaintiff has attached prior administrative hearing decisions by Hawaii's Department of Labor and Industrial Relations and Hawaii's Unemployment Insurance Division, which explain the facts.  Although these exhibits may be considered part of the amended complaint,[2] plaintiff has not set forth a claim for relief in his amended complaint.

---

[2] Pleadings include the complaint, the answer, and any written instruments attached as exhibits.  Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes."); see Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987) (documents attached to complaint are part of the complaint and may be

1          Plaintiff was previously warned of the deficiencies in his complaint, which he has
2  failed to correct. The law from the previous order is repeated here.
3          The allegations in plaintiff's "complaint" are so vague and conclusory that they
4  fail to state a claim for relief. The court has determined that the complaint does not contain a
5  short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules
6  adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the
7  claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.
8  1984). Plaintiff must allege with at least some degree of particularity overt acts which
9  defendants engaged in that support plaintiff's claim. Id.  The complaint's allegations are not
10 sufficient to put defendant fairly on notice of its alleged misconduct. See Richmond v.
11 Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and
12 scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller,
13 Federal Practice and Procedure § 1202 (2d ed. 1990).
14         Fed. R. Civ. P. 8 sets forth general rules of pleading in the Federal Courts.
15 Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests,
16 (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for
17 the relief plaintiff seeks. Rule 8 requires "sufficient allegations to put defendants fairly on notice
18 of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  The
19 complaint does not meet these requirements.
20         In addition to the failure to set forth the grounds for the court's jurisdiction as
21 explained above, the complaint contains only facts with one legal conclusion buried among the
22 facts, "wrongful termination." The complaint is vague and conclusory in failing to allege any
23 causes of action.
24         If plaintiff's claim is wrongful termination, and diversity is alleged, he must apply
25 ─────────────────
26 considered when evaluating the complaint).

state law by setting forth the elements of a claim. The complaint does not allege the legal elements to support his claims. In the complaint, plaintiff merely recites his version of the facts, and concludes that defendant wrongfully terminated him. In none of his alleged claims does the plaintiff offer specific evidence or a cognizable theory regarding why the action was a violation. The opposition does claim that defendant "violated Employment Rules and Law under the FEDERAL, STATE and LOCAL GOVERNMENTS public policy;" however, the amended complaint did not include these allegations, and plaintiff does not allege what rules, law or public policy was violated. (Oppo. at 2.) Because plaintiff has failed to state a claim, the amended complaint must be dismissed. As plaintiff was already granted the opportunity to amend, further amendment will not be permitted. Furthermore, based on the facts presented in the amended complaint, it does not appear that defendant's actions, if true, would constitute a violation of public policy and thus amendment would be futile.

CONCLUSION

Accordingly, IT IS RECOMMENDED that: defendant's motion to dismiss, filed June 25, 2010, (dkt. #18), be granted and this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/30/10 /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076
Lautiej3315.mtd2.wpd